UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT 160,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RABANCO, LTD.,<br><br>　　　　　Defendant. | CASE NO. C05-0753C<br><br>ORDER |

This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 27), Plaintiff's motion to amend the judgment (Dkt. No. 28), and Plaintiff's motion for attorneys fees (Dkt. No. 29). Having considered the papers submitted by both parties and finding oral argument unnecessary, the Court finds and orders as follows.

**I.　Defendant's Motion for Reconsideration**

Defendant seeks reconsideration of the Court's order (Dkt. No. 25) granting Plaintiff's motion for summary judgment. Defendant argues that by granting summary judgment, the Court necessarily decided a disputed issue of material fact against a non-moving party. Specifically, Defendant contends that the order's use of the term "working forepersons" constitutes a factual finding that the employees in this case were not "supervisors" as defined in § 2(11) of the Labor-Management Relations Act. (*See* Def.'s Mot.

ORDER – 1

2–3 & n.1.) Defendant further argues that identifying the employees as working forepersons necessarily determines the procedural outcome of this case by bringing the dispute within the ambit of the collective bargaining agreement ("CBA") and, therefore, requiring arbitration and divesting the National Labor Relations Board ("Board") of jurisdiction. (*See id.*)

Additionally, Defendant claims that the Court unfairly relied on the Board's order to show cause why Defendant's petition for clarification of the employees' classification should not be dismissed. (*See id.* 4–5.) Defendant asserts that it had no opportunity to present evidence to the Board, and that in any case, it has now responded to the Board's order and awaits a final determination of the merits of its petition. (*See id.*) Defendant concludes with a request to vacate the order granting summary judgment and stay the case pending the Board's final ruling on Defendant's unit-clarification petition.

Under Local Rule CR 7(h)(1), motions for reconsideration are disfavored. The Court "will ordinarily deny such motions in the absence of a [timely] showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Defendant has made no such showing here, and in fact, misconstrues the primary basis for the Court's order. The Court exercised jurisdiction under § 301 of the Act and enforced the CBA's arbitration clause based on an undisputed fact: both parties agreed on the day they signed the CBA, and for months thereafter, that the employees at issue here *were* part of the collective bargaining unit, and thus covered by the terms of the CBA. (*See* Order 6 (finding "no disagreement" that employees "were deemed part of the Union—and thus covered by the CBA—when the parties entered the CBA").) Defendant does not challenge that finding in its present motion.

The order further found that Defendant's attempt to remove retroactively the employees from the collective bargaining unit did not create a material factual dispute. (*Id.*); *see also E.G. & H., Inc. v. NLRB*, 949 F.2d 276, 279 (9th Cir. 1991) (finding that it would be "destructive of stable bargaining relationships to permit an employer, after voluntarily agreeing to bargain with a particular unit, to repudiate [the applicability of the CBA] on the grounds that the unit was not appropriate"). Given these

ORDER – 2

undisputed facts, the Court could not make a finding "with positive assurance that the arbitration clause [in the CBA] is not susceptible [of] an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960).

Although Defendant takes issue with the order's terminology, it has not challenged the core undisputed fact on which the order principally rests. Because Defendant has not shown that the Court reached its conclusion by deciding a disputed issue of material fact or otherwise committing manifest error, the motion for reconsideration is DENIED.

## II.    Plaintiff's Motion for Attorneys Fees

Plaintiff seeks an order awarding its attorneys' fees incurred in bringing its motion for summary judgment, arguing that Defendant's refusal to arbitrate this dispute was "done in bad faith, vexatiously, or for oppressive reasons." (Pl.'s Mot. 2.) The Court disagrees, and finds that this case does not present the extraordinary circumstances calling for a fees award. *See Seattle Times Co. v. Seattle Mailer's Union No. 32*, 664 F.2d 1366, 1370 (9th Cir. 1982). Plaintiff also has not alleged that it is entitled to fees under the CBA or § 301 of the Act. Accordingly, the Court DENIES Plaintiff's request for attorney's fees.

## III.    Plaintiff's Motion to Amend the Judgment

Finally, Plaintiff requests that the Court amend its judgment to dismiss the case *without* prejudice. As stated in the judgment (Dkt. No. 26), the Court intends to retain jurisdiction to enforce an arbitration award or settlement agreement. The Court agrees, therefore, that the dismissal should have been without prejudice, and ORDERS that the clerk amend the judgment to state, in relevant part: ". . . and DISMISSES this case WITHOUT PREJUDICE."

SO ORDERED this 3rd day of November, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 3